COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| JUSTIN TWYNE, | § | No. 08-19-00114-CR |
| Appellant, | § | Appeal from the |
| v. | § | 147th District Court |
| THE STATE OF TEXAS, | § | of Travis County, Texas |
| Appellee. | § | (TC# D-1-DC-17-100116) |

## MEMORANDUM OPINION

After a jury trial for murder at which Appellant admitted to killing the victim but testified that he did so in self-defense, the jury rejected Appellant's self-defense claim and convicted him of murder. *See* TEX.PENAL CODE ANN. § 19.02(b)(1), (c) (defining the first-degree felony offense of murder); *see also* TEX.PENAL CODE ANN. § 12.32(a), (b) (providing a first-degree felony punishment range of any term for life or not more than 99 years or less than 5 years and a fine not to exceed $10,000). And although Appellant asserted a sudden passion claim at the punishment phase of trial, the jury rejected this claim, too, and assessed his punishment at 40-years' confinement and no fine. *See* TEX.PENAL CODE ANN. § 19.02(d) (providing the defensive issue of sudden passion). The trial court sentenced Appellant in accordance with the jury's verdict. We affirm.[1]

---

[1] We hear this case on transfer from the Third Court of Appeals in Austin. *See* TEX.R.APP.P. 41.3.

## FRIVOLOUS APPEAL

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex.Crim.App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *High v. State*, 573 S.W.2d 807 (Tex.Crim.App. [Panel Op.] 1978). Counsel has notified the Court in writing that he has delivered a copy of counsel's brief and the motion to withdraw to Appellant, and he has advised Appellant of his right to review the record, file a *pro se* brief, and to seek discretionary review. *Kelly v. State*, 436 S.W.3d 313, 318-20 (Tex.Crim.App. 2014) (setting forth duties of counsel). Counsel also provided Appellant with a motion for *pro se* access to the appellate record. Subsequently, Appellant filed a motion for *pro se* access to the appellate record, and this Court entered an order granting access and provided a copy of the appellate record to Appellant. Appellant has not filed a *pro se* brief. After issuing notice of a late brief, we considered that Appellant waived the filing of a *pro se* brief and set the case for submission.

After carefully reviewing the record and counsel's brief, we conclude that the appeal is wholly frivolous and without merit. Further, we find nothing in the record that might arguably support the appeal. We grant appellate counsel's motion to withdraw in accordance with *Anders v. California*, and we affirm the trial court's judgment.

JEFF ALLEY, Chief Justice

December 17, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.